PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS HAMPTON, ) | |
| ) | CASE NO. 4:19CV2975 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| KENNETH BULHOLTZ, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF No. 4] |

Plaintiff William Douglas Hampton is a federal prisoner presently incarcerated at FCI Elkton. Complaint (ECF No. 1) at PageID #: 2. He brings this action against Defendant Kenneth Bulholtz alleging that Bulholtz attacked him when they were both incarcerated at FCI Seagoville in Texas. ECF No. 1 at PageID #: 3-4. For the reasons that follow, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. Background**

In his brief Complaint (ECF No. 1), Plaintiff alleges that on November 23, 2018, he and Defendant were federal prisoners incarcerated at FCI Seagoville. According to Plaintiff, he was working in the typewriter section of the law library when Defendant initiated a verbal conflict, then physically attacked Plaintiff with his fists. ECF No. 1 at PageID #: 3-4. Plaintiff brings this action against Defendant pursuant to 42 U.S.C. § 1983. *See* Civil Cover Sheet (ECF NO. 1-1) at PageID #: 6. Plaintiff seeks $1,950,700 in monetary relief. ECF No. 1 at PageID #: 5.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18CV1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), " 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915(e)(2)(B)) (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 570)). The "plausibility" requirement is satisfied when plaintiff pleads factual content that allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

(4:19CV2975)

### III. Analysis

In order to state a plausible claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Even with the benefit of liberal construction and assuming the truth of Plaintiff's allegation that he was assaulted by Defendant, a fellow federal inmate, Plaintiff fails to plausibly allege either element of a § 1983 claim. First, Plaintiff's allegation of assault by Defendant does not identify any deprivation of a right secured by the Constitution. Second, even if the Complaint (ECF No. 1) could be construed to allege a constitutional deprivation, Defendant is a private party and there are no allegations from which the Court may reasonably infer that when Defendant assaulted Plaintiff (or at any time), Defendant acted under color of state law.

A private party may be found to have acted under color of state law only when the party "acted together with or has obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). There are no allegations in the Complaint (ECF No. 1) that Defendant's actions could properly be characterized as state action. Therefore, Defendant is not liable to Plaintiff under § 1983, even assuming that he assaulted Plaintiff as alleged. Accordingly, Plaintiff fails to

(4:19CV2975)

state a plausible § 1983 claim against Defendant upon which relief may be granted, and this case is dismissed.

### IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Discovery (ECF No. 4) is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   April 8, 2020                                        */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                            United States District Judge